IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN WAYNE GARY, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-19-1348 |
| THE PEOPLE OF THE STATE OF MARYLAND AND BALTIMORE CITY, *et al.*, | * * | |
| Respondents | * | |

***

## MEMORANDUM

Kevin Wayne Gary, who is self represented, is currently a federal prisoner who faces a consecutive sentence imposed by the Circuit Court for Baltimore City. He has filed a Petition for Writ of Habeas Corpus ("Petition"), challenging only his State sentence. ECF 1. Respondents have filed a "Limited Answer" (ECF 5), along with several exhibits. They seek dismissal of the Petition, claiming that Gary has failed to establish that he is in State custody and because the Petition is time barred. Gary sought and was granted an extension of time to respond. ECF 7; ECF 8. But, he has failed to do so.

The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (holding petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, I shall deny and dismiss the Petition.

I.   Background

Gary is an inmate committed to the custody of the Federal Correctional Institution-Ft. Dix. He was one of 28 defendants charged in this District on February 21, 2008, in Case WDQ-08-086.

*See* ECF 1.[1]  Gary entered a plea of guilty on January 9, 2009 (ECF 467), pursuant to a Plea Agreement. ECF 468. The parties agreed under Fed. R. Crim. P. 11(c)(1)(C) to a sentence of 30 years. ECF 468, ¶ 9.

Sentencing was held on March 27, 2009. ECF 511. Judge Quarles imposed a 30-year sentence for the offense of conspiracy to participate in a racketeering enterprise. ECF 513.[2]

The federal offense is not at issue here, however. Rather, it is the consecutive sentence imposed by the Circuit Court for Baltimore City that is in dispute. That sentence is rooted in a conviction of July 7, 2001, when Gary was found guilty in the Circuit Court for Baltimore City of possession with intent to distribute a controlled dangerous substance. ECF 5-1 (Docket Entries) at 1.

On August 13, 2001, Gary was sentenced to a ten-year term of incarceration, with all but two years suspended, and three years of probation. *Id*.[3]  He was released to probation in 2003. ECF 5-2 at 4 (Violation of Probation Hearing Transcript, Dec. 22, 2006). As a condition of his probation, Gary was required to provide proof of employment, or proof that he was actively seeking employment; inform his probation agent of any arrests; and pay court costs assessed at $290. *Id*. at 10. His probation was set to expire on October 2, 2006. *Id*. at 4.

A notice of violation of probation was lodged in February 2006. ECF 5-1 at 5. A violation of probation hearing was held on December 22, 2006, at which the State alleged that Gary violated

---

[1] The Court may take judicial notice of the criminal proceedings in this Court. *See* Fed. R. Evid. 201.

[2] Gary's advisory sentencing guidelines called for a period of incarceration ranging from 360 months to life imprisonment. ECF 514.

[3] Prior to sentencing, on July 20, 2001, Gary filed a motion for modification of his sentence, pursuant to Md. Rule 4-345(e). *Id*. at 4. The State court docket does not reflect a ruling on the premature motion for modification.

his probation by failing to provide proof of employment; failing to inform his probation agent of an arrest; and failing to pay the court costs. ECF 5-2 at 10. Gary admitted to the violations, and he was found guilty of violating his probation. *Id*. at 10-11.

The court indicated its desire for Gary to find employment. ECF 5-2 at 4-5, 10, 12. The State suggested an extension of Gary's probation for two years, and defense counsel countered by requesting that the court "postpone disposition and let him continue on probation and then at the end of the postponement period, if he is [not] working . . . we dispose it unsatisfactory [sic]." *Id*. at 6. The court agreed to the defense's approach and postponed disposition. *Id*.

Counsel explained to Gary on the record that he "needed[ed] a job." *Id*. at 11. Gary stated he intended to publish his own magazine as his full time employment. *Id*. at 3-4, 11. But, defense counsel explained to Gary that while he could pursue his dream of self-publishing, the court wanted him "to have a real check," *i.e*. "to be working somewhere so that the Court sees that [he had] some money." *Id*. at 11-12.

The court then specifically advised Gary that it was postponing for six months the disposition of the violation of probation, so that Gary could pay the outstanding court costs and demonstrate that he could "have gainful, steady employment." *Id*. at 12. And, the court specifically advised Gary that he was being given "about a month to find a job and then I expect to see five months of regular paychecks." *Id*. Gary was also advised that he could pursue the magazine but that the reality of the magazine business would be that Gary would not see any profits for a number of years and so the court "expecte[ed] to see [him] in steady gainful employment with W-2s and the whole—paystubs, the whole thing." *Id*. at 12-13. The judge added that if Gary did not comply, "then I'm going to sentence you accordingly." *Id*. at 13. Gary indicated that he understood the court's directive. *Id*. On the docket the matter was entered as held *sub curia* until

June 19, 2017, with a notation that "[Gary] must pay $260.00 court costs & have gainful steady [employment]." ECF 5-1 at 5.

The probation hearing reconvened on June 19, 2007. Gary advised the court that he had been employed for only two months. ECF 5-3 at 3 (Violation of Probation Hearing Transcript, June 19, 2007). The State requested that Gary's probation be extended for at least one year because Gary had not been employed for the five months the court had previously required. *Id*. at 4. According to the State, Gary waited until the last minute to comply with the court's directive. *Id*. Gary was provided an opportunity to address the court prior to disposition. He argued that he had complied with the court's directives because he had paid the court fees and gotten a job. *Id.* at 5. The court replied that Gary had not exactly complied with the requirement in that he was to show steady employment and that the court expected a W-2 form but that was not supplied. *Id*. The court sentenced Gary to an additional period of probation by extending his probationary period for two years, stating that "the entire probationary period [would be] five years and [would] not end [until] October 2nd, 2008." *Id*. at 6. Gary did not challenge the disposition. *Id*.; ECF 5-1.

On March 4, 2008, a warrant was issued for Gary's arrest based on another violation of his probation. ECF 5-1 at 6. The violation of probation hearing was held on March 30, 2009. *Id*. After an advisement of rights, under oath, *id.* at 3-8, Gary admitted to violating the conditions of his probation. ECF 5-4 at 6. The following statement of facts was presented, ECF 5-4 at 9-10:

> It is agreed as true that the Defendant, Kevin Gary . . . was found guilty [of possession with the intent to distribute an conspiracy to distribute a controlled substance], sentenced to ten years of which eight years was suspended and originally placed on three years of probation.
>
> He subsequently violated his probation on July 19th of 2007 at which point in time he was continued; however, probation was extended for an additional two years, with a total time that the Defendant's probation was due to expire on 6/19 of 2009.

4

> While on probation the Defendant subsequently violated it, specifically Rule 1, he failed to report to his agent on . . . 12/20/07 as instructed on 12/13/07 and he failed to report.
>
> In addition he violated Rule 4.
>
> On 2/125/08 [sic] Mr. Gary was arrested by the U.S. Marshal Service under . . . federal case number WDQ08086 from the federal District Court in Baltimore, and subsequently found guilty of racketeering an enterprise [sic] in violation of 18 U.S.C. 1962(d).
>
> ****
>
> All these events happened during the probationary period[.]

Gary's defense attorney did not offer any corrections to the factual summary. *Id*. at 10. The court found that there was a factual basis for the allegations, accepted Gary's admission as knowing and voluntary, and found that he was in violation of his probation. *Id*.

In regard to sentencing, the State sought the balance of time, *i.e.*, eight years, consecutive to the federal sentence imposed by Judge Quarles. *Id.*

Gary's defense counsel summarized the prior probation history, noting that the court had released Gary on December 22, 2006, after an admission to the probation violation, and the case was postponed to June 19, 2007, with directions for Gary to pay the court costs and to obtain employment. ECF 5-4 at 18-19. Defense counsel noted that Gary appeared before the court on June 19, 2007, and indicated that Gary "must have been doing well" because the court continued the probation and extended it for two years. *Id*. at 19. The court responded that a letter had been presented to the court that Gary was employed as a car washer and the court gave him the benefit of the doubt that he had attempted to comply with the requirement to obtain gainful employment. *Id*.

Prior to the imposition of sentence, the court noted that it had done its best to get Gary to obtain steady employment and on that basis the court had extended his probation. Further, the court noted that this was Gary's second violation. The court revoked his probation and imposed the

5

balance of his suspended sentence, *i.e.*, eight years, consecutive to his federal sentence, with credit for 386 days. ECF 5-4 at 29-30.

On June 2, 2009, Gary filed a Motion for Modification and/or Reduction of Sentence. It was denied on June 18, 2009. ECF 5-1 at 6. The court entered an order on November 18, 2015, denying a motion for reconsideration of sentence, as untimely filed. ECF 5-1 at 7. There is no indication on the docket as to when that motion was filed. Then, on April 19, 2016, Gary filed a "motion to vacate conviction and sentence." *Id*. at 7. That motion was denied on May 20, 2016. *Id*.

Thereafter, on October 17, 2016, Gary filed a notice of appeal, which was dismissed on March 22, 2017, due to Gary's failure to transmit the record, as required under the Maryland Rules. ECF 5-1 at 8. The appellate court's mandate issued April 17, 2017. *Id*.

II. Standard of Review

Gary filed this Petition pursuant to 28 U.S.C. § 2241. ECF 1. Respondents contend that the Petition is properly construed pursuant to 28 U.S.C. § 2254. ECF 5 at 14. I agree.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). By contrast, a § 2254 motion challenges the constitutional validity of a state conviction or sentence. *In re Wright*, 826 F.3d 774, 779 (4th. Cir. 2016). Regardless of the label used by a petitioner, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *Castro v. United States*, 540 U.S. 375, 794 (2003) (stating that a court may recharacterize a pro se motion "to create better correspondence between the substance" of the motion and "its underlying legal basis"); *see also Adams v.*

*Middlebrooks*, 810 F. Supp 2d 119, 112 (D.D.C. 2011) (stating that a petitioner's "choice of statute is not dispositive, as a petitioner may not escape the requirement of 2254 simply by filing a petition under 2241." (cleaned up)).

Given the allegations, it appears that § 2254 is the applicable statute. Accordingly, I shall construe the Petition under § 2254.

### III. Discussion

#### A. Custody Requirement

At its essence, habeas corpus is a mechanism to challenge the legality of executive detention. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[H]abeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); 3 J. STORY, COMMENTARIES ON THE CONSTITUTION OF THE UNITED STATES § 1333, 206 (1833) (describing the writ as "the appropriate remedy to ascertain . . . whether any person is rightfully in confinement or not"). The writ is available to prisoners in state or federal custody, and also to non-citizens challenging their detention and deportation. *See* 28 U.S.C. § 1252(e)(2); *see, e.g.*, *INS v. St. Cyr*, 533 U.S. 289, 301-03 (2001) (reviewing alien's habeas challenge).

A court's jurisdiction to entertain a habeas corpus action is carefully circumscribed. The statute that authorizes federal courts to grant writs of habeas corpus, 28 U.S.C. § 2241, provides that the "writ of habeas corpus shall not extend . . . unless" the petitioner is "in custody." *Id.* § 2241(c)(1)-(4). And, the federal habeas statute that confers jurisdiction on the district courts to entertain petitions for habeas relief with respect to a state court judgment requires that the

petitioner must be "in custody," in violation of the Constitution or law of the United States. 28 U.S.C § 2254(a).

Thus, it is well settled that being "in custody" is a jurisdictional prerequisite to suit. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam); *Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002) (observing that the custody requirement "is jurisdictional"); *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (same); *see also* BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1:3 (2020). But, the term "in custody" is a slippery concept. *See Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 510 (1982) (acknowledging that habeas jurisdiction "has been extended beyond that which the most literal reading of the statute might require"). The Supreme Court has described the term generally as a "restraint[] on a [person's] liberty . . . not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

Respondents contend that Gary has not satisfied the custody requirement for review of his sentence. ECF 5 at 17. In particular, they maintain that Gary has not established that a detainer has been lodged against him by the State of Maryland. ECF 5 at 17-18. (memo); *see Stacey v. Warden, Apalachee Correctional Institution*, 854 F.2d 401, 403 (11th Cir. 1988) (holding that if a detainer had been lodged Petitioner was sufficiently within the state's custody to give the district court subject matter jurisdiction over the petition); *see also Bancroft v. Massachusetts*, 525 F.Supp. 2d 237, 242 (D. Mass. 2007) (holding petitioner not in custody because no detainer was lodged against him).

Although Gary is currently in federal custody serving a sentence of conviction entered in federal court, Gary does not challenge that conviction. Rather, he is challenging his impending State custody based on a State judgment of conviction. ECF 1 at 1; *see Peyton v. Rowe*, 391 U.S. 43, 55 (1968) (stating that "a district court may entertain a petition for a writ of habeas corpus from

8

a prisoner incarcerated under consecutive sentences who claims that a sentence that he is scheduled to serve in the future is invalid because of a deprivation of rights guaranteed by the Constitution."); *Harris v. Ingram*, 683 F. 2d 97, 98 (4th Cir. 1982) (recognizing that a prisoner may use habeas corpus to challenge a consecutive sentence that is not yet being served.)

In his Petition, Gary does in fact allege that an "Additional Sentence Record" was lodged against him and is "akin" to a detainer. ECF 1 at 13. Further, during his sentencing hearing, Gary's defense attorney argued to the court that Gary's State sentence would serve as a detainer against his federal sentence. ECF 5-4 at 15.

Respondents argue that the "Additional Sentence Record" is not a detainer. Yet, they provide no support for their argument. Therefore, the Court will assume that Gary is in custody for purposes of considering his Petition.

I turn to examine the timeliness of the Petition.

B.  Timeliness

As noted, a petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2012). Of relevance here, under § 2244(d)(1), a petition is subject to the following statutory limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, the one-year period is tolled while properly filed state post- conviction proceedings are pending. *See id.* at § 2244(d)(2).

Respondents assert that the Petition should be dismissed as time-barred because it was filed well beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d). ECF 5. They note that Gary's conviction became final on July 19, 2007, when the time expired for filing an application for leave to appeal the order revoking his probation. Md. Code, § 12-302(g) of the Courts and Judicial Proceedings Article; Md. Rule 8-204(b)(2)(A). As such, Gary's time for filing a federal petition expired on July 19, 2008. *See* 28 U.S.C. § 2244(d)(1)(A).

Even if Gary's conviction were deemed to be final as of March 30, 2009, when his probation was finally revoked and his original sentence was reimposed, the Petition is nevertheless untimely. In that circumstance, the conviction would have become final on April 30, 2009, when the time for filing an application for leave to appeal expired. Therefore, his time for filing his federal petition would have expired on April 30, 2010. Although the period while Gary had collateral proceedings pending before the State court is tolled, *see* 28 U.S.C. 2244(d)(2), Gary's Motion for Modification of Sentence, filed on June 2, 2009 and denied on June 22, 2009, would only statutorily toll the limitations period for 20 days. Gary filed nothing else in State court until November 18, 2015, when he filed another motion to modify sentence. At that point, however, his federal limitations period had long since expired.

Between the finality of Gary's conviction, under either date, and the expiration of the limitation period, Gary had no pending application for State post-conviction relief or other collateral review that would have served to toll the limitations period. Gary fails to suggest, and the Court cannot identify, any alternative reading of 28 U.S.C. § 2244(d)(l)(A)-(D) that would permit filing at this juncture.

### C.  Equitable Tolling

Under certain circumstances, limitations for federal habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott*, 221F.3d 686, 687-88 (4th Cir. 2000).  The Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time.  *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Further, to be entitled to equitable tolling a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Gary has not offered any specific argument in favor of equitable tolling. Ignorance of the law does not constitute grounds for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is

11

not a basis for equitable tolling"). Moreover, Gary's lack of knowledge cannot be considered "extraordinary" or something "external" to him. *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse*, 339 F.3d at 246; *Harris*, 209 F.3d at 330. Finally, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted).

This Court cannot find that Gary acted with reasonable diligence. At the latest, Gary's conviction became final in 2009, thereby triggering the limitations period. Yet, he delayed filing his federal Petition for about a decade ― until 2019, almost ten years later. There is no basis for equitable tolling.

### D. Actual Innocence

To the extent that Gary argues he is entitled to have the untimely filing of this Petition excused because he is actually innocent, his argument also fails. Actual innocence is an "equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (emphasis in original). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 392. Thus, claims which are time-barred may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In the context of an untimely petition, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 569 at 399. "It would be bizarre to hold that a habeas petitioner who asserts a convincing claim of actual innocence may overcome the statutory time bar § 2244(d)(1)(D) erects, yet

simultaneously encounter a court-fashioned diligence barrier to pursuit of [his] petition." *Id*. "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. at 392.

The type of new evidence that has been found to satisfy the actual innocence gateway standard includes: (1) new DNA evidence and expert testimony "call[ing] into question" the "central forensic proof connecting [the petitioner] to the crime," as well as "substantial evidence pointing to a different suspect," *House v. Bell*, 547 U.S. 518, 540-41 (2006); (2) "sworn statements of several eyewitnesses that [the petitioner inmate] was not involved in the crime" and affidavits "that cast doubt on whether [the petitioner inmate] could have participated" in the offense, *Schlup*, 513 U.S. at 331; (3) a third party's consistent and repeated statement that the third party committed the offense, *Jones v. McKee*, No. 08 CV 4429, 2010 WL 3522947, at *9-10 (N.D. Ill. Sept. 2, 2010); *Carringer v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997) (finding that the petitioner opened the actual innocence gateway where another person testified under oath that he committed the offense and separately boasted to other individuals that he set-up the petitioner); and (4) documentary evidence indicating that the petitioner was in another country on the day of the offense. *See Garcia v. Portuondo*, 334 F. Supp. 2d 446, 452-56 (S.D.N.Y. 2004).

Gary contends that he is actually innocent because he "satisfied the conditions for his release from probation because the June 19 hearing establishes his actual innocence of any purported probation violations." ECF 1 at 16. Additionally, he asserts that the State court "made findings on the record establishing [that he] fulfilled his conditions of probation within the allowed 6-month extension." *Id*. Gary's claim is factually and legally unavailing.

First, the transcript of Gary's December 2006 violation hearing establishes that he pleaded guilty to the probation violation and that the matter was simply held over for disposition. When Gary returned in June 2007, the violation had already been entered, and the only question remaining was what sentence would be imposed. Second, Gary's actual innocence claim does not rely on any newly discovered evidence. The facts and arguments set forth by Gary were available to him at the time of each of his probation violation hearings and cannot serve as the basis to excuse his untimely filing.

## IV.   Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  The fact that Gary's sentence expired prior to the filing of this Petition, coupled with the well established law cited herein, places this case beyond the purview of debatable issues warranting a certificate of appealability.

A separate Order follows.

Date:  July 9, 2020                                                          /s/
                                                                    Ellen L. Hollander
                                                                    United States District Judge